STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-64

PEGGY B. KUEHN
VERSUS
F.D.H. DEVELOPMENT, INC.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 05-2374
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Billy H. Ezell, Judges.

MOTION TO DISMISS WRIT APPLICATION AS
MOOT GRANTED IN PART AND DENIED IN PART.
MOTION FOR REHEARING GRANTED.  APPEAL DISMISSED.

Richard D. Moreno
ROBINSON AND MORENO, L.L.C.
1 Lakeshore Drive, Suite 1135
Lake Charles, LA 70629
(337) 433-9535

and

David F. Dwight
1400 Ryan Street
Lake Charles, LA 70601
(337) 439-3138
COUNSEL FOR PLAINTIFF/APPELLANT:
    Peggy B. Kuehn

Henry R. Liles
940 Ryan Street
Lake Charles, LA 70601
(337) 433-8529
COUNSEL FOR DEFENDANT/APPELLEE:
    F.D.H. Development, Inc.

**SAUNDERS**, Judge.

The plaintiff-appellant, Peggy Kuehn, filed a motion for rehearing in response to this court's opinion rendered on March 21, 2007. This court's opinion ordered the dismissal of the appeal on the plaintiff's own motion; however, the court permitted the plaintiff to file a writ application seeking review of the matters which were the subject of the appeal. In addition, the defendant-appellee, F.D.H. Development, Inc., has filed a Motion to Dismiss Writ Application as Moot and has requested within this motion that this court dismiss the plaintiff's motion for rehearing. For the reasons which follow, we now grant the motion for rehearing and order the dismissal of the appeal without permitting the filing of a writ application.

In the motion for rehearing, the plaintiff points out that this court incorrectly interpreted a stipulation into which the parties had entered at a hearing held in the trial court. This court stated that the plaintiff had acquiesced in the dismissal of her claim seeking a mandatory injunction, that is the removal of the allegedly offending building. Upon closer review of the record, we find that the plaintiff did reserve her right to seek a mandatory injunction to command the removal of the condominium complex.

The plaintiff's motion for rehearing, though, only asked that this court amend its opinion to state that the plaintiff acquiesced in the dismissal of the injunctive relief to stop the construction which was sought in the original petition. However, we find that since the plaintiff is also seeking review of the trial court's ruling denying the mandatory injunction, we must review this court's finding in its opinion of March 21, 2007, that this matter is only properly reviewable pursuant to this court's supervisory jurisdiction.

We find that the dismissal of the mandatory injunctive relief is a partial final judgment. The plaintiff's claim for money damages was specifically reserved by the trial court in its ruling denying the mandatory injunction. The other part of the trial court's ruling subject to review is the trial court's ruling denying the exception of failure to join parties necessary for a full adjudication of this matter.

Since a portion of the plaintiff's claims remain to be resolved, the judgment denying the request for mandatory injunctive relief is a partial final judgment. Louisiana Code of Civil Procedure Article 1915(B) permits an appeal of a partial final judgment after a finding by the court that no just reason exists to delay an immediate appeal of the partial judgment. The judgment at issue in this matter was not designated by the trial court as appealable. Therefore, an appeal of this judgment is premature at this time.

Ordinarily, this court remands cases from improperly appealed partial judgments for the trial court to make an express determination as to whether an immediate appeal should be permitted. However, in the instant case, we find that a remand for this purpose would be a waste of judicial time. The only matter remaining to be determined in this action is whether the plaintiff is entitled to money damages for the building of this condominium complex in violation of the building restrictions, and if so, how much. We find that it would be a waste of judicial time and effort to permit an appeal of the trial court's ruling denying the mandatory injunction. Instead, we find that an appeal of this ruling should await a final determination as to the amount of money damages to which the plaintiff is entitled, if any. In this way, the entirety of this matter can be reviewed at one time.

2

Moreover, while we recognize that the trial court's ruling denying the exception of failure to join the proper parties would also ordinarily be subject to supervisory review, we find that in this instance, review of this ruling at this time would also be inappropriate, and we specifically decline to exercise our supervisory jurisdiction over this ruling at this time. As pointed out by the trial court in reaching its decision to deny this exception, the granting of this exception may turn on the issue of whether the trial court has properly dismissed the mandatory injunctive relief. Since this court has held that review of this latter ruling is counterproductive at this time, we find that review of the denial of this exception at this time would, likewise, be counterproductive.

The defendant has filed a motion in this court seeking the dismissal of the plaintiff's motion for rehearing and dismissal of the unfiled writ application permitted by this court's earlier ruling in this matter. For the reasons given above, we deny the defendant's request that this court dismiss the motion for rehearing. However, as stated above, the filing of the writ application is no longer appropriate. Therefore, we grant this portion of the relief requested by the defendant's motion.

Accordingly, we hereby grant the plaintiff's motion for rehearing. We set aside this court's prior decision and reinstate the plaintiff's appeal for the purpose of dismissing the appeal as premature at plaintiff's cost.

**MOTION TO DISMISS WRIT APPLICATION AS MOOT GRANTED IN PART AND DENIED IN PART. MOTION FOR REHEARING GRANTED. APPEAL DISMISSED.**

3